# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

KYLE BRANDON RICHARDS,

Defendant-Appellant.

UNPUBLISHED
February 1, 2018

No. 325192
Ionia Circuit Court
LC No. 2014-015993-FH

ON REMAND

Before: O'BRIEN, P.J., and BORRELLO and GADOLA, JJ.

PER CURIAM.

This case returns to this Court on remand from our Supreme Court. On remand, we have been directed only to consider whether defendant's sentence violated the principle of proportionality standard set forth in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). For the reasons set forth in this opinion, we vacate defendant's sentence and remand for resentencing.

## I. BACKGROUND FACTS

Defendant was found guilty by a jury of assaulting a prison employee, MCL 750.197c. Although we provided a detailed recitation of the facts of this case in our previous opinion, the incident that led to defendant's conviction can be succinctly summarized as follows: defendant spat on a corrections officer as defendant was being transported to the segregation unit at Bellamy Creek Correctional Facility. *People v Richards*, 315 Mich App 564, 568-569; 891 NW2d 911 (2016), rev'd in part ___ Mich ___; 903 NW2d 555 (2017).

Defendant was sentenced as a fourth-offense habitual offender, MCL 769.12, to 50 months to 40 years' imprisonment. At the time of defendant's initial sentencing proceedings, his sentencing guidelines range had been determined to be 14 to 58 months and his minimum sentence of 50 months fell within that guidelines range. However, defendant subsequently filed a motion for resentencing, arguing that offense variable (OV) 19, MCL 777.49, was erroneously scored. A hearing was held on the motion, at which the prosecutor agreed with the scoring change. As a result of the scoring change, defendant's guidelines range was determined to be 12 to 48 months, which meant that his minimum sentence was outside the applicable guidelines range.

-1-

Defense counsel requested that defendant be resentenced within the new guidelines range. The prosecutor argued that under *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), "it would be reasonable for the Court to continue the sentence of 50 months in light of the defendant's enormous assaultive history." The prosecutor explained:

> He's 23 years old. He has had a tremendous amount of assaultive both crimes and misconducts. Even since he's been in prison he has a total of 4 threatening behaviors, 1 assault and battery on staff, 2 destruction/misuse of state property, 1 creating a disturbance. This is his 3rd conviction for assault on a prison employee. In 2008 he previously made threats to a sheriff's deputy, threatening to kill the sheriff deputy's family. In 2009 he even assaulted a psychologist at the Center for Forensic Psychiatry. In light of just the weight of his assaultive convictions and the major misconducts he's had in the past, in this case the People submit it is reasonable to impose the 50 month sentence because of his past criminal history.

In response, defense counsel explained that the trial court had considered all of these same factors when initially sentencing defendant to a sentence that was within the range as previously calculated.

The trial court denied defendant's motion for resentencing and maintained defendant's minimum sentence of 50 months. The trial court explained its decision as follows:

> Well, in this matter we did have a full trial. The Court did take into consideration his prior assaultive record but particularly recognizing now that the sentencing guidelines are advisory in nature, the Court has certainly considered the new sentencing guidelines range, but having given this further consideration, I agree with the People in this matter that there really are very extenuating circumstances with Mr. Richards that this Court believes the original determination of 50 months is appropriate. But I certainly appreciate your argument and appreciate the manner in which you've presented it . . . but find that the 50 month sentence is appropriate and would not find a basis at this time to reduce that sentence.

Defendant appealed, raising a variety of challenges, including that his sentence was unreasonable. This Court affirmed defendant's conviction but remanded for further proceedings to determine whether resentencing was required. *Richards*, 315 Mich App at 568, 589. Specifically, with respect to defendant's challenge to his sentence, we concluded that it was necessary to remand the matter because the trial court's ruling on defendant's resentencing motion occurred before this Court issued its opinion in *People v Steanhouse*, 313 Mich App 1; 880 NW2d 297 (2015) (*Steanhouse I*), rev'd in part 500 Mich 453 (2017), and "[t]herefore, 'the trial court was *unaware of, and not expressly bound by, [the] reasonableness standard rooted in the* Milbourn *principle of proportionality* at the time of sentencing.'" *Richards*, 315 Mich App at 585, quoting *Steanhouse I*, 313 Mich App at 48 (second alteration in original).

Defendant sought leave to appeal in the Michigan Supreme Court, which entered an order holding defendant's application in abeyance pending its decisions in *Steanhouse I* and *People v Masroor*, 313 Mich App 358; 880 NW2d 812 (2015), rev'd in part 500 Mich 453 (2017).[1]

Our Supreme Court decided those cases in *People v Steanhouse*, 500 Mich 453, 459-461, 476; 902 NW2d 327 (2017) (*Steanhouse II*), in which, as pertinent to the instant appeal, our Supreme Court (1) affirmed this Court's decision in *Steanhouse I* to the extent that it found that "the proper inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the 'principle of proportionality' set forth in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), 'which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender,' " and (2) reversing this Court's opinion in *Steanhouse I* to the extent that it ordered a *Crosby*[2] remand instead of reviewing the upward departure sentence for reasonableness. Our Supreme Court stated that it had "made clear in *Lockridge* that defendants who receive upward departure sentences cannot show prejudice from the Sixth Amendment error," and the Court held that in such instances, "the proper approach is for the Court of Appeals to determine whether the trial court abused its discretion by violating the principle of proportionality." *Steanhouse II*, 500 Mich at 461.

After the decision in *Steanhouse II*, on November 29, 2017, our Supreme Court reversed "that part of the judgment of the Court of Appeals remanding this case to the trial court for proportionality review," and remanded the case to this Court "for plenary review of whether the defendant's sentence was disproportionate under the standard set forth" in *Milbourn*. *People v Richards*, ___ Mich ___; 903 NW2d 555 (2017). The Court denied leave to appeal in all other respects, *id*., leaving this Court's affirmance of defendant's conviction intact.

## II. STANDARD OF REVIEW

"A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *Lockridge*, 498 Mich at 392. When reviewing a sentence for reasonableness, we consider "whether the trial court abused its discretion by violating the principle of proportionality" as set forth in *Milbourn*. *Steanhouse II*, 500 Mich at 459-460 (quotation marks and citation omitted). Under this standard, a sentence must "be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Id*. at 460 (quotation marks and citation omitted). It is an abuse of discretion for a trial court to "violate[] the principle of proportionality test 'by failing to provide adequate reasons for the extent of the departure sentence imposed,' " and such cases require remand to the trial court for resentencing. *People v Steanhouse (On Remand)*, ___ Mich App ___, ___; ___ NW2d ___ (2017) (Docket No. 318329); slip op at 2 (*Steanhouse III*), quoting *Steanhouse II*, 500 Mich at 476.

## III. ANALYSIS

---

[1] *People v Richards*, 889 NW2d 258 (Mich, 2017).

[2] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

In *Steanhouse II*, the Michigan Supreme Court held that the *Milbourn* principle-of-proportionality test was the proper standard to apply when reviewing a defendant's departure sentence for reasonableness. *Steanhouse II*, 500 Mich at 471. In applying the principle of proportionality, " 'the key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range.' " *Id*. at 472, quoting *Milbourn*, 435 Mich at 661. The sentencing guidelines are "advisory in all applications." *Steanhouse II*, 500 Mich at 466. However, " '[s]entencing courts must . . . continue to consult the applicable guidelines range and take it into account when imposing a sentence . . . [and] justify the sentence imposed in order to facilitate appellate review.' " *Steanhouse II*, 500 Mich at 470, quoting *Lockridge*, 498 Mich at 392 (ellipses and second alteration in original).

Under the *Milbourn* standard, "the sentencing court must impose a sentence that takes 'into account the nature of the offense and the background of the offender.' " *Steanhouse III*, ___ Mich App at ___; slip op at 2, quoting *Milbourn*, 435 Mich at 651. A court may consider factors that include, but are not limited to, the following:

> (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [*Steanhouse III*, ___ Mich App at ___; slip op at 3 (quotation marks and citation omitted).]

There is no presumption of unreasonableness for departure sentences. *Steanhouse II*, 500 Mich at 474-475. Nonetheless, "[w]hen departing, the trial court must explain why the sentence imposed is more proportionate than a sentence within the guidelines recommendation would have been." *People v Smith*, 482 Mich 292, 304; 754 NW2d 284 (2008). "Even where some departure appears to be appropriate, the extent of the departure (rather than the fact of the departure itself) may embody a violation of the principle of proportionality." *Milbourn*, 435 Mich at 660. "[I]f it is unclear why the trial court made a particular departure, an appellate court cannot substitute its own judgment about why the departure was justified." *Smith*, 482 Mich at 304.

In this case, as an initial matter, the "seriousness of the offense" factor, *Steanhouse III*, ___ Mich App at ___; slip op at 3, does not appear to have been a factor considered by the trial court in its decision to impose a departure sentence. MCL 750.197c provides that a lawfully imprisoned individual who "through the use of violence, threats of violence or dangerous weapons, assaults an employee of the place of confinement or other custodian knowing the person to be an employee or custodian or breaks the place of confinement and escapes, or breaks the place of confinement although an escape is not actually made, is guilty of a felony." It is clear that defendant's act of spitting on a corrections officer, while offensive, is not the most violent or egregious form of conduct for which a defendant could be convicted under this statute. Regardless, the trial court did not give any indication that it somehow found the offense itself to be so serious as to warrant consideration as a factor justifying a departure sentence.

-4-

Rather, the trial court appears to have based its decision entirely on defendant's background, which is certainly something that the sentencing court could consider in arriving at a proportional sentence. *Steanhouse III*, ___ Mich App at ___; slip op at 2. Defendant has several prior felony convictions, including prior convictions for assaulting a prison employee, as well as a history of misconduct while in prison. Although a defendant's misconduct while in custody generally is a valid factor that may be considered in determining whether a departure sentence is warranted, *Steanhouse III*, ___ Mich App at ___; slip op at 3, the trial court in this case did not specifically indicate what aspects of defendant's history it considered to justify its sentence. Moreover, while defendant's prior convictions are certainly relevant, these convictions were already accounted for by the sentencing guidelines—a fact the trial court neglected to acknowledge. In scoring the sentencing guidelines, prior record variable (PRV) 1 was assigned 25 points, reflecting that defendant had one prior high-severity felony conviction. MCL 777.51. PRV 2 was assigned 30 points—the highest score possible—reflecting that defendant had four or more prior low-severity felony convictions. MCL 777.52. PRV 5 was assigned two points, reflecting one prior misdemeanor conviction or misdemeanor juvenile adjudication. MCL 777.55. PRV 6 was assigned 20 points, the highest score possible, because defendant was a prisoner at the time of his offense. MCL 777.56. These scores totaled 77 points, placing defendant in the highest PRV level possible under the applicable scoring grid, MCL 777.66.[3] In addition, because defendant was convicted as a fourth-offense habitual offender, the upper end of the applicable guidelines range was then doubled. MCL 777.21(3)(c). Because of his criminal background, defendant's recommended minimum sentence range increased from the lowest possible range for a defendant falling in defendant's OV level, zero to six months, to a range of 12 to 48 months.

Thus, while the trial court attempted to justify its sentence by relying on defendant's assaultive history, the trial court did not specify any characteristic of defendant's background that was inadequately considered by the guidelines or not already considered by the guidelines. *Steanhouse III*, ___ Mich App at ___; slip op at 3.

In sum, the trial court completely failed to explain how the sentencing guidelines—which, in essence, increased the upper end of defendant's minimum sentence range by eight times due to his background—did not adequately account for the nature of this offense and defendant's background, and the trial court did not provide any reason why the departure sentence was more proportionate than a sentence within the corrected guidelines range. *Smith*, 482 Mich at 304; *Steanhouse III*, ___ Mich App at ___; slip op at 2. Even if there are aspects of defendant's assaultive history that were not considered adequately by the guidelines, it is impossible to discern what those aspects would be from the trial court's cursory reasoning. In other words, the trial court's explanation during the hearing was insufficient to clearly show why its particular departure was warranted, and we cannot substitute our own judgment on the matter. *Steanhouse II*, 500 Mich at 470; *Smith*, 482 Mich at 304. Therefore, the trial court abused its discretion by failing to give adequate reasons to support the extent of its departure sentence, in

---

[3] A violation of MCL 750.197c is classified as a Class E offense, MCL 777.16j, rendering MCL 777.66 the appropriate sentencing grid.

violation of the *Milbourn* principle-of-proportionality test, and resentencing is required. *Steanhouse III*, ___ Mich App at ___; slip op at 2. Accordingly, we vacate defendant's sentence and remand this matter for resentencing.

Sentence vacated and remanded for resentencing. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Stephen L. Borrello
/s/ Michael F. Gadola